B283 (Form 283) (04/13)

# UNITED STATES BANKRUPTCY COURT

_Eastern_ District Of _Pennsylvania_

In re _Eileen P. Smarr_    Case No. _15-16154-mdc_
　　　　Debtor

## CHAPTER 13 DEBTOR'S CERTIFICATIONS REGARDING DOMESTIC SUPPORT OBLIGATIONS AND SECTION 522(q)

*Part I. Certification Regarding Domestic Support Obligations (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(a), I certify that:

[X]　I owed no domestic support obligation when I filed my bankruptcy petition, and I have not been required to pay any such obligation since then.

[ ]　I am or have been required to pay a domestic support obligation. I have paid all such amounts that my chapter 13 plan required me to pay. I have also paid all such amounts that became due between the filing of my bankruptcy petition and today.

*Part II. If you checked the second box, you must provide the information below.*

My current address: _____

My current employer and my employer's address: _____

_____

*Part III. Certification Regarding Section 522(q) (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(h), I certify that:

[X]　I have not claimed an exemption pursuant to § 522(b)(3) and state or local law (1) in property that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $155,675* in value in the aggregate.

[ ]　I have claimed an exemption in property pursuant to § 522(b)(3) and state or local law (1) that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $155,675* in value in the aggregate.

---

*Amounts are subject to adjustment on 4/01/16, and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

*Part IV. Debtor's Signature*

        I certify under penalty of perjury that the information provided in these certifications is true and correct to the best of my knowledge and belief.

Executed on  11/29/19
              Date                          *[signature: Eileen G. Smart]*
                                                              Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re: EILEEN P SMARR           §    Case No. 15-bk-16154
                                §
                                §
          Debtor(s)             §

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

William C Miller, Chapter 13 Trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C § 1302(b)(1). The Trustee declares as follows:

1) The case was filed on 08/28/2015.

2) The plan was confirmed on 03/10/2016.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C § 1329 on NA.

4) The Trustee filed action to remedy default by the debtor(s) in performance under the plan on NA.

5) The case was completed on 08/29/2019.

6) Number of months from filing or conversion to last payment: 48.

7) Number of months case was pending: 49.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $52,968.60.

10) Amount of unsecured claims discharged without full payment: $3,393.00.

11) All checks distributed by the Trustee relating to this case have cleared the bank.

UST Form 101-13-FR-S (9/1/2009)

**Receipts:**

| | | |
|---|---:|---:|
| Total paid by or on behalf of the debtor(s) | $ 15,840.00 | |
| Less amount refunded to debtor(s) | $ 33.70 | |
| **NET RECEIPTS** | | $ 15,806.30 |

**Expenses of Administration:**

| | | |
|---|---:|---:|
| Attorney's Fees Paid Through the Plan | $ 1,218.00 | |
| Court Costs | $ 0.00 | |
| Trustee Expenses & Compensation | $ 1,153.68 | |
| Other | $ 0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION** | | $ 2,371.68 |
| Attorney fees paid and disclosed by debtor(s): | $ 1,782.00 | |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---:|---:|---:|---:|---:|
| BRAD J. SADEK ESQ | Lgl | 0.00 | NA | NA | 1,218.00 | 0.00 |
| CAPITAL ONE BANK | Uns | 1,760.00 | 1,856.99 | 1,856.99 | 1,856.99 | 0.00 |
| Quicken Loans Inc. | Sec | 140,183.00 | 140,379.96 | 0.00 | 0.00 | 0.00 |
| ECAST SETTLEMENT CORP | Uns | 11,422.00 | 11,577.63 | 11,577.63 | 11,577.63 | 0.00 |
| CHASE CARD | Uns | 2,192.00 | NA | NA | 0.00 | 0.00 |
| GRIIMELY FINANCIAL | Uns | 1,056.00 | NA | NA | 0.00 | 0.00 |
| SA-VIT ENTERPRISES | Uns | 145.00 | NA | NA | 0.00 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

**Summary of Disbursements to Creditors:**

|  | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $ 0.00 | $ 0.00 | $ 0.00 |
| Mortgage Arrearage | $ 0.00 | $ 0.00 | $ 0.00 |
| Debt Secured by Vehicle | $ 0.00 | $ 0.00 | $ 0.00 |
| All Other Secured | $ 0.00 | $ 0.00 | $ 0.00 |
| **TOTAL SECURED:** | $ 0.00 | $ 0.00 | $ 0.00 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $ 0.00 | $ 0.00 | $ 0.00 |
| Domestic Support Ongoing | $ 0.00 | $ 0.00 | $ 0.00 |
| All Other Priority | $ 0.00 | $ 0.00 | $ 0.00 |
| **TOTAL PRIORITY:** | $ 0.00 | $ 0.00 | $ 0.00 |
| **GENERAL UNSECURED PAYMENTS:** | $ 13,434.62 | $ 13,434.62 | $ 0.00 |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration | $ 2,371.68 |
| Disbursements to Creditors | $ 13,434.62 |
| **TOTAL DISBURSEMENTS:** | $ 15,806.30 |

UST Form 101-13-FR-S (9/1/2009)

12) The Trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the Trustee is responsible have been completed. The Trustee requests a final decree be entered that discharges the Trustee and grants such other relief as may be just and proper.

Date: 10/15/2019          By: William C. Miller
                              Chapter 13 Standing Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-13-FR-S (9/1/2009)